THE STATE, EX REL. EDWARD VANNATTA, v. JOHN K. SMITH, SAMUEL FELVER, JOHN H. VANNATTA, TRUSTEES OF THE FIREMEN'S RELIEF ASSOCIATION OF WASHINGTON, NEW JERSEY.

1. In order that a *mandamus* issue, the right of the relator to have the thing required to be done, must be clear, and it must be determined that no other adequate remedy exists.

2. Where an exempt fireman claims to be entitled to relief from the Firemen's Relief Association, and his claim has been adjudicated upon by the trustees of such association, the officers in whom by statute the jurisdiction is vested to consider the matter, and the claim denied, no remedy exists by *mandamus* to revise such determination, and it is not the office of such a writ to direct and command a further or other consideration and adjudication in his favor.

3. Where one as an exempt fireman seeks a *mandamus* to restore him to the roll or list of members of a fire relief association, he must show that the roll or list originally contained his name, and that he has been dropped from the roll or list, or that he has been expelled from

the membership of such an association. Where no roll ever existed, or he has not by some action of the association been dropped from such roll, or has not been expelled, he is not entitled to a *mandamus* to restore his name to the roll or restore him to such membership.

4. *Quære.* Where an exempt fireman as a member of the Firemen's Relief Association is entitled to relief, is not his remedy by action at law for such dues or relief as he may be entitled to receive, and of which he has been illegally deprived ?

On rule to show cause why *mandamus* should not issue.

Argued at June Term, 1897, before Justices GARRISON and LIPPINCOTT.

For the relator, *Oscar Jeffery.*

For the defendants, *William A. Stryker.*

The opinion of the court was delivered by

LIPPINCOTT, J. This is an application for a *mandamus* to restore one Edward Vannatta to a roll or list of those who are entitled to relief from the Firemen's Relief Association of Washington, New Jersey, and to consider his application for relief as an exempt fireman the same as any other member of said Firemen's Relief Association.

It appears from the evidence the relator has been granted, at various times, relief according to his application.

The statute makes the trustees of the association the officers who are to consider all applications for relief. *Gen. Stat., p.* 1494, § 112.

On February 8th, 1897, upon a pending application, the trustees refused, after consideration, to extend further relief to the relator. He requested relief because he was an exempt, fireman and because he came within the rules of the association which entitled him to such relief. The minutes and evidence show that this application was fully considered by the trustees, and it was decided against him. There is no contention at all in the case but that such consideration was had, nor of the character of the conclusion reached by the trustees.

If *mandamus*, therefore, was the appropriate remedy it could not go, because the very duty which he insists should be compelled has been performed and therefore the right to this remedy does not exist.

The relator further seeks the direction, by *mandamus*, that he be restored to the roll of membership of the Firemen's Relief Association. The decision of the trustees, as appears by the evidence, against extending relief to him, was that he was not eligible to relief from the Firemen's Relief Association, and that he was not a legally-exempt fireman. I have examined the evidence, and find that it is seriously controverted whether any roll of members exists. The records of the association presumably show who are the members, and the fact exists that a legally-exempt fireman of any fire company within the jurisdiction of the association is entitled to relief, and, presumably, the records of such fire company show who the members are, whether legally exempt from duty or not, and it is by these that the relator's title to relief, if he is entitled to any, must be established. I am not clear at all under the evidence whether any formal roll of members of the Firemen's Relief Association was ever in existence. There have been lists of members at one time and another exhibited, and the records are in existence. But whether any formal roll of members exists or not is, as it seems to me, entirely immaterial. The evidence does not show that the relator's name has ever been stricken or erased from it, if it ever existed, or that the records of the association have ever been changed to his detriment by any act of the association. If the roll exists and his name was ever on it, the evidence does not show that it has been changed so that his name is erased or dropped from it. If his name ever appeared in the records of the association as a legally-exempt fireman, the evidence does not show that the record has been changed to his exclusion. The roll and the record remain as they always have existed, and therefore no facts are presented which can give rise to a *mandamus* to the trustees to do the specific act of restoring his name to the list or roll of membership.

The fact is that the whole basis for the remedy sought by *mandamus* is that his case has been considered by the trustees and further relief to him upon such consideration refused.

It matters little upon what reason this refusal was based; there appears to be no occasion for relief by *mandamus*.

The whole matter appears to be the subject of an action at law against the association, but the court in nowise determines what relief, if any, could be so obtained.

*Mandamus* is refused, with costs.